1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10   ALEKSEY DVORKIN,                          Case No.   1:22-cv-00393-AWI-EPG

11              Plaintiff,                      ORDER REGARDING NOTICE OF
                                                UNAVAILABITY
12        v.
                                                (ECF No. 8)
13   TEIXEIRA AND SONS, LLC, et al.,

14              Defendants.

15

16        Plaintiff commenced this civil action on April 4, 2022, and the case is currently set for an

17   initial scheduling conference on August 16, 2022, with the parties being required to undertake

18   certain tasks, such as filing a joint scheduling report, before the conference. (ECF Nos. 1, 4, 8).

19   This matter is before the Court on the notice of unavailability of Defendants' counsel, filed by

20   Attorney Laura Wolfe.

21        In pertinent part, the notice states that Attorney Wolfe "will be out on medical leave and

22   unavailable for any purpose whatsoever from June 20, 2022 through November 1, 2022, for any

23   court or other appearances, responding to pleadings or ex parte hearings, responding to discovery,

24   and/or attending depositions." (ECF No. 8, p. 1). Further, the notice represents that "[t]here is no

25   other attorney in the office who is both familiar with this matter and authorized to act in the

26   matter that is available during the above time period to do so." (*Id.*). Lastly, counsel states "that

27   purposefully scheduling a conflicting procedure without good cause is sanctionable conduct,"

28   citing *Tenderloin Hous. Clinic, Inc. v. Sparks*, 8 Cal. App. 4th 299 (1992). (*Id.* at 2).

1    While counsel has not moved for a court order staying proceedings during the above

2  timeframe, the notice states that counsel is unavailable for dates that will include the initial

3  scheduling conference and accompanying requirements. Accordingly, the Court issues this order

4  to clarify that nothing in defense counsel's notice has relieved Defendants from the obligation to

5  participate in that conference and any other deadlines that may be set during that time period.

6    Importantly, a notice of unavailability is not a means to bypass a court's management over

7  a case. *Tenderloin,* cited by counsel, upheld the authority of a trial court to impose sanctions

8  against an attorney who purposefully set discovery for times when the attorney knew opposing

9  counsel was on vacation and unavailable so that the attorney could gain an unfair, tactical

10  advantage in the litigation. *Id.* at 304-307. However, it is improper to rely on *Tenderloin* "to arrest

11  the power of the . . . court to issue any order that would require or impose upon [a party] any legal

12  obligation to act." *Carl v. Superior Ct.*, 157 Cal. App. 4th 73, 76 (2007). An attorney cannot call

13  "a litigation time-out" and has no power "to put control of the court's calendar in the hands of

14  counsel" because this would infringe on "the court's inherent powers." *Id.* at 75, 76. Kings

15  County Local Rule 119 summarizes the bounds of *Tenderloin* in state court: "Although

16  *Tenderloin* compliant notices may provide recourse against a party to whom the provisions of the

17  case are intended to apply, they do not preclude an otherwise calendared court proceeding.

18  Therefore, absent a modifying order, all parties shall appear on all dates for which their presence

19  has been noticed via order of the court."

20    In federal court, litigants are likewise unable to dictate the progression of a case based on

21  a notice of unavailability. Rather, "absent a court order, a notice of unavailability does not operate

22  to, in effect, stay the litigation of a case." *Electracash, Inc. v. Kahn*, No. CV-051135-RSWL

23  (FMOx), 2006 WL 8434675, at *3 (C.D. Cal. July 10, 2006); *see PLU Invs., LLC v. Intraspect

24  Grp., Inc.*, No. C10-626RSL, 2010 WL 4094335, at *2 (W.D. Wash. Oct. 14, 2010) ("A party

25  may not modify the Court's motion calendar by filing a notice of unavailability."). And attorneys

26  "who are out of the office or otherwise unavailable are required to designate other counsel who

27  can handle all aspects of their cases." *Electracash, Inc.*, 2006 WL 8434675, at *3.

28  ///

1    This conclusion aligns with California's Rules of Professional Conduct. *See* Local Rule

2    180(e) (requiring attorneys practicing in this District to comply with California's Rules of

3    Professional Conduct). Implicated here is California Professional Rule 1.1(a), which requires an

4    attorney "to perform legal services with competence," with competence being defined under Rule

5    1.1(b) to include the mental or physical "ability reasonably necessary for the performance of such

6    service." Likewise, under California Professional Rule 1.16(a)(3), an attorney must withdraw if

7    her "mental or physical condition renders it unreasonably difficult to carry out the representation

8    effectively." And, under Rule 1.16(b)(8), an attorney may withdraw if her "mental or physical

9    condition renders it difficult for the lawyer to carry out the representation effectively." While the

10   Court is sympathetic to Attorney Wolfe's medical need to be "unavailable for any purpose

11   whatsoever from June 20, 2022 through November 1, 2022," that need does not remove the

12   professional obligations owed to Defendants. (ECF No. 8, p. 1).

13   　　　Likewise, California Professional Rule 1.3(a), requires an attorney "to act with reasonable

14   diligence in representing a client," and Rule 1.4(a), generally requires an attorney to reasonably

15   communicate with a client about the status of a case. Here, Attorney Wolfe's proposed absence

16   from any litigation for nearly five months, without any representation available from other

17   counsel,[1] creates a serious question as to whether Attorney Wolfe can diligently represent and

18   reasonably communicate with Defendants.

19   　　　Based on the foregoing, IT IS ORDERED as follows:

20   1.   The notice of unavailability (ECF No. 8) is denied to the extent that it seeks to stay this

21   　　　case, cancel any proceedings, or relieve counsel or the parties of any applicable

22   　　　requirements; and

23   \\\

24   \\\

25   \\\

26   \\\

27

28   [1] Attorney Wolfe's law firm, McCormick Barstow LLP, states on its website that it employs "80-plus
attorneys working from seven locations in three states." https://www.mccormickbarstow.com/about/

3

1          2.  Failure to comply with any applicable requirements may result in sanctions.

2

3     IT IS SO ORDERED.

4          Dated:   **June 15, 2022**                    /s/ _Erica P. Grosjean_
                                                  UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28